**19 MAG 8466**

Approved: _____
TARA M. La MORTE
Assistant United States Attorney

ORIGINAL

Before:   THE HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                  :   SEALED COMPLAINT
                                          :
     - v. -                               :   Violations of
                                          :   18 U.S.C. §§ 1349,
TERRY FORMER,                             :   1956(h), and 2.
ELIZABETH McKINNEY-KIPER, a/k/a "Lizz,"   :
     a/k/a "Elizabeth Kiper," and         :
JAZMYNE ALYCE JOHNS,                      :   COUNTY OF OFFENSE:
                                          :   NEW YORK
                                          :
                    Defendants.           :
- - - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

     GRAHAM SUGARMAN, being duly sworn, deposes and says that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, and charges as follows:

### COUNT ONE

#### (Conspiracy to Commit Wire Fraud)

     1.   From at least in or about October 2018 through at least in or about January 2019, in the Southern District of New York and elsewhere, TERRY FORMER, ELIZABETH McKINNEY-KIPER, a/k/a "Lizz," a/k/a "Elizabeth Kiper," and JAZMYNE ALYCE JOHNS, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

     2.   It was a part and an object of the conspiracy that TERRY FORMER, ELIZABETH McKINNEY-KIPER, a/k/a "Lizz," a/k/a "Elizabeth Kiper," and JAZMYNE ALYCE JOHNS, the defendants, and others known and unknown, willfully and knowingly, having

devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

### COUNT TWO

### (Conspiracy to Commit Money Laundering)

3. From at least in or about October 2018 through in or about January 2019, in the Southern District of New York and elsewhere, TERRY FORMER, ELIZABETH McKINNEY-KIPER, a/k/a "Lizz," a/k/a "Elizabeth Kiper," and JAZMYNE ALYCE JOHNS, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a).

4. It was a part and an object of the conspiracy that TERRY FORMER, ELIZABETH McKINNEY-KIPER, a/k/a "Lizz," a/k/a "Elizabeth Kiper," and JAZMYNE ALYCE JOHNS, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash transactions, check transactions, and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the wire fraud conspiracy, charged in Count One of this Complaint, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

5. It was a further part and an object of the conspiracy that TERRY FORMER, ELIZABETH McKINNEY-KIPER, a/k/a "Lizz," a/k/a "Elizabeth Kiper," and JAZMYNE ALYCE JOHNS, the defendants, and others known and unknown, within the United States, in an offense involving and affecting interstate and

foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, the wire fraud conspiracy charged in Count One, of this Complaint, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

6. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"). I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with other law enforcement officials, and on my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

7. As set forth in greater detail below, I respectfully submit that there is probable cause to believe that TERRY FORMER, ELIZABETH McKINNEY-KIPER, a/k/a "Lizz," a/k/a "Elizabeth Kiper," and JAZMYNE ALYCE JOHNS, the defendants, and others known and unknown, have participated in a scheme that primarily involves impersonating individuals, professionals, or businesses in the course of otherwise ordinary financial transactions; fraudulently inducing the counterparty to those transactions to transfer funds to a bank account controlled and operated by FORMER, McKINNEY-KIPER, and JOHNS, but registered to a shell corporation; and withdrawing the fraudulent scheme's proceeds in cash or transferring the funds to other accounts controlled by the defendants, as described in more detail below.

8. Based on my conversations with a Special Agent with HSI ("Special Agent-1") and my review of HSI reports, I have learned, among other things, the following:

a. On or about April 22, 2019, TERRY FORMER, the defendant, arrived at the Port of New Orleans via ship from outside the United States;

b. During the course of screening by United States Customs and Border Protection ("CBP") upon entry to the United States, Special Agent-1 asked FORMER if he could examine FORMER's cellular telephones. In response, FORMER voluntarily unlocked two cellular telephones, including a Samsung Galaxy S7 Edge ("Former Phone-1"), and provided them to Special Agent-1. Another HSI Special Agent conducted a forensic extraction of the data on both cellular telephones;

c. While in CBP secondary inspection, FORMER relayed the following, in substance and in part, to Special Agent-1:

  i. That he currently resides at a particular address in Katy, Texas, with his wife, Cynthia Former; and

  ii. That he runs a particular non-profit organization ("Non-Profit-1") that assists kids and teenagers in the Houston, Texas vicinity.

9. Based on my review of the contents of Former Phone-1, including images contained therein, I have learned, among other things, that the user of Former Phone-1 appears to be TERRY FORMER, the defendant. In addition, Former Phone-1 contained the following electronic messages, among others:

  i. On or about November 19, 2018, the user of Former Phone-1 sent an individual under the contact name "Lizz," at number 650-766-8483, a message containing the name "Apex Energy International PTE Limited," and subsequently sent a message asking "Whats the status";

  ii. On or about November 21, 2018, in response to a message the previous day from the user of Former Phone-1 for "Info," Lizz provided the following account information:

  "Apex Energy International PTELimited"
  Account number: [-8488]
  Routing: [Redacted]
  Swift Code: CPASU44
  Bank: BBVA Compass
  Address: 5342 Airline Dr Houston, Tx 77022"

4

        (the "BBVA Account"). Lizz also provided "Jazmyne Johns[,]" as the name on the BBVA Account.

   iii. Between on or about November 29, 2018, and on or about December 3, 2018, Lizz sent the user of Former Phone-1 screenshots and messages reflecting that no activity in the BBVA Account had occurred since it was opened.

   iv. On or about December 5, 2018, Lizz sent the user of Former Phone-1 a screenshot reflecting that the BBVA Account received a deposit of approximately $85,490.00.

   v. On or about December 13, 2018, Lizz sent the user of Former Phone-1 a screenshot reflecting that the BBVA account received a deposit of approximately $2,200,926.00.

   vi. On or about February 2, 2019, Lizz sent the user of Former Phone-1 a message that read "Elizabeth Mckinney Kiper." On the basis of this message, as well as my review of documents from AT&T, which provided "Elizabeth Kiper" as the user of the phone assigned a call number ending in -8483 (the "Lizz Phone"), I believe that with respect to the messages described herein, the user of Former Phone-1 is communicating with ELIZABETH McKINNEY-KIPER, a/k/a "Lizz," the defendant.

10. Based on my review of documents, including images, provided by BBVA Compass, and my conversations with a representative of BBVA, I have learned, among other things, the following:

   i. That on or about November 21, 2018, JAZMYNE ALYCE JOHNS, the defendant, opened a bank account for "Apex Enery International PTELimited," at the BBVA Compass Houston Banking Center Airline Branch, 5342 Airline Drive, Houston, TX 77022, which was assigned account number 6765568488, *i.e.* the BBVA Account;

   ii. That JOHNS signed as the "owner" and "authorized representative" of the company, which she represented was a sole proprietorship that she

owned, and presented a government-issued identification card bearing a photograph of "Jazmyne Johns" in connection with opening the BBVA Account. JOHNS also provided a phone number ending in -7570 as the phone number associated with the company (the "JOHNS Phone");

iii. That a Certificate of Operation Under Assumed Name ("Assumed Name Certificate") for "Apex Energy International PTE Limited" was submitted in connection with the opening of the BBVA Account. The Assumed Name Certificate, dated November 21, 2018, lists JOHNS as the owner of the business, and is signed by a Deputy County Clerk for Harris County, Texas;

iv. That on or about December 5, 2018, a particular company ("Victim-1") originated a wire in the amount of $85,490.00 from its account at the New York Branch of BNP Paribas U.S.A., located in New York, New York, to the BBVA Account;

v. That on or about December 12, 2018, a wire in the amount of $2,200,926.00 was transmitted from Victim-1's account at the New York Branch of BNP Paribas U.S.A. to the BBVA Account;

vi. That on or about December 12, 2018, a check in the amount of $77,400.00 was drawn from the BBVA Account and made payable to "NY City Express." Based on my review of messages obtained from Former Phone-1, I learned that on or about November 15, 2018, the user of Former Phone-1 directed the user of the Lizz Phone to open a corporate bank account under the name NY City Express LLC at either Prosperity Bank or Frost Bank, *see infra* ¶ 11;

vii. That on or about December 10, 2018, a check in the amount of $24,500.00 was drawn from the BBVA Account and made payable to Cynthia Former whom I know from Special Agent-1's interview of TERRY FORMER, the defendant, *see supra* ¶ 8.c.i, the wife of TERRY FORMER, the defendant;

viii. That on or about December 11, 2018, a check in the amount of $82,400.00 was drawn from the BBVA

Account and made payable to "Terry Former" and Non-Profit-1; and

ix. That on or about December 28, 2018, the BBVA Account was blocked from further transactional activity.

11. Based on my review of documents, including images, provided by Prosperity Bank, I learned that on or about November 16, 2018, JAZMYNE JOHNS, the defendant, opened a bank account for NY City Express at Prosperity Bank ("the NY City Express Account"), and that JOHNS is listed as the owner of that business. On or about December 12, 2018, a check in the amount of $77,400.00 drawn from the BBVA Account and made payable to "NY City Express" was deposited into the NY City Express Account; on or about January 4, 2019, JOHNS withdrew approximately $6,000.00 from the NY City Express Account in cash. I also learned that on or about December 5, 2018, December 21, 2018, and December 31, 2018, the NY City Express Account issued three Cashier's Checks totaling approximately $14,000.00 made payable to "Elizabeth Kiper." One of the checks was cashed on or about December 22, 2018, at a Prosperity Bank branch location in Sugarland, Texas; the other two checks were cashed on or about December 31, 2018, at a Prosperity Bank branch location on Eastex Freeway, Texas. Each of the checks listed a passport number that, based on my review of records maintained by the Department of Homeland Security, matches the passport number for ELIZABETH Lavette McKINNEY-KIPER, a/k/a "ELIZABETH McKINNEY-KIPER," a/k/a "Lizz," a/k/a "Elizabeth Kiper," the defendant.

12. Based on my review of their respective bank accounts, it appears that "Apex Energy International PTE Limited" and "NY City Express," the companies purportedly owned by JAZMYNE ALYCE JOHNS, the defendant, have conducted no legitimate business activities since their respective formations.

13. Based on my review of documents provided by AT&T, the user of the Lizz Phone communicated with the user of the JOHNS phone on numerous occasions at least between in or around October 2018 and January 2019.

14. Based on my conversations with representatives of Victim-1, and my review of documents, including emails, provided by Victim-1, I have learned, among other things, the following:

          a.    Victim-1 is a petrochemical company headquartered in Brazil;

          b.    In or around October 2018, one or more unidentified co-conspirators gained unauthorized access to the email account of an executive of one of Victim-1's counterparties ("Counterparty-1 Executive"), and communicated via email with representatives of Victim-1 concerning an approximately $2.2 million credit that Victim-1 owed to Counterparty-1 in connection with a commercial transaction;

          c.    In or around the same time, unidentified co-conspirators, using a series of email addresses that closely resembled the actual email addresses of representatives of Victim-1, emailed the Counterparty-1 Executive at Counterparty-1's Executive's actual email address, as well as other representatives of Counterparty-1, providing excuses as to why Counterparty-1 had not yet received the approximately $2.2 million owed to them;

          d.    On or about November 21, 2018, one or more of the unidentified co-conspirators who gained unauthorized access to the email account of the Counterparty-1 Executive, directed Victim-1 via email to provide the approximately $2.2 million to the BBVA Account. In a series of subsequent emails, the unidentified co-conspirators asked Victim-1 to provide the status of payment;

      e. Victim-1 remitted payments to the BBVA Account on or about December 5, 2018, and December 12, 2018, totaling approximately $2,286,416.00.

  WHEREFORE, the deponent respectfully requests that warrants be issued for the arrest of TERRY FORMER, ELIZABETH McKINNEY-KIPER, a/k/a "Lizz," a/k/a "Elizabeth Kiper," and JAZMYNE ALYCE JOHNS, the defendants, and that they be arrested and imprisoned or bailed, as the case may be.

*[signature]*
GRAHAM SUGARMAN
Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
9th day of September, 2019

*[signature]*
THE HONORABLE JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK