UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                    19-cr-781 (PKC)

       -against-

                                         STATEMENT OF
                                 REASONS FOR SENTENCE

JAZMYNE ALYCE JOHNS,

              Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        This is the Court's statement of reasons for the sentence imposed on Jazmyne Johns, a sentence of principally 4 months imprisonment, 1 year supervised release, restitution of $472,593.33 and $100 special assessment. The defendant's sentence was a downward variance from the Guideline Range of imprisonment of 24 to 30 months. The statement substantially tracks the transcript of the Court's statement on the day of sentencing. (Oct. 26, 2021 Sentencing Transcript at 11-12.)

        In sentencing Ms. Johns, the Court considered the Pre-Sentence Report, Addendum and Recommendation, including the finding of facts adopted by the Court. The Court also considered all the written submissions referenced at the outset of the proceeding. The Court considered the very thoughtful comments of defense counsel, both in his memorandum and orally as well as the very thoughtful comments of the prosecutor.

        The Court considered each of the factors under Section 3553(a), although it is not necessary to recount all that the Court considered.

        So who is Ms. Johns? She was 30 years of age at the time of sentencing. She was perhaps 27 at the time of some of the criminal behavior here, has a high school diploma, had an

1

exceedingly tough life as a young person, much of it is detailed in Paragraphs 51 to 55 of the Pre-Sentence Report.  It is very tough and difficult to read and imagine someone living the life she did as a young person.

She is plagued with mental health issues that are real, that are detailed in paragraphs 67 and 68 of the Pre-Sentence Report.  She does not have a criminal history. These are significant mitigating factors.  She has a minor role adjustment in this case, and it was appropriate that she was given this adjustment.  It wasn't an act of charity; it was what the facts dictated.

With regard to the offense conduct, the Court notes that the co-conspirator who brought her in was someone who was in a role at the time, not now, but at the time, of something of a stepmother, a confidant, her father's partner in whom she confided and trusted.  That is how she was brought into the conspiracy.  But she was a willing and important participant.

The scheme was directed to a $2.2 million credit in favor of the victim.  Ms. Johns and two co-defendants withdrew approximately $472,000 from the accounts, and Ms. Johns herself withdrew $39,000 from the accounts, although that was not necessarily all money that she kept.  She facilitated a fraud.  She knew it was a fraud.  She knew it was a crime. She was providing false information about companies, claiming that she was a sole proprietor and describing the nature of the business activities.  Maybe she had help from co-conspirators in shaping and molding the lies, the Court is sure she did, but she went along freely and willingly.

There is a need for just punishment.  There is a victim here.  There is a need to deter others from engaging in this conduct.  The Court believes that Ms. Johns will not reoffend

in this manner ever again. The Court recognizes that there are substantial criminal penalties that go with this case, financial criminal penalties, as well as the fact of conviction.

The Court takes an oath to administer justice without respect to persons, and do equal right to the poor and to the rich. Here, Ms. Johns is not in the rich category, but is in the indigent category. And she doesn't have resources. But just as the Court unhesitatingly would give someone well-to-do with maybe substantial mitigating circumstances some jail time to make it clear that this is how society views this crime, this is the judgment of society on this, this is the record, the punctuation of the event to make it clear to those who engage in it that, no, if you just simply—if you're just simply a minor participant in this and you make that clear, then you may get home confinement or something like that as a punishment.

So for all these reasons and taking account of the sentencing guidelines, policy statements, official commentary of the United States Sentencing Commission, and recognizing that the Court is not obligated to sentence within the guidelines; that the Court has the discretion to vary from the guidelines, vary downward here; and that there are substantial mitigating circumstances, the Court concluded that a sentence of four months' imprisonment, one year of supervised release, waiver of the fine, imposition of restitution of $472,593.33, jointly and severally, and forfeiture of $39,027, and $100 special assessment was sufficient, but not greater than necessary to achieve the purposes of Section 3553(a).

SO ORDERED.

Dated: August 9, 2022
       New York, New York

_____
P. Kevin Castel
United States District Judge